1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARIO SAGASTA,

11              Petitioner,              No. 2:12-cv-1572 GGH P

12        vs.

13   GARY SWARTHOUT,

14                                       ORDER &
              Respondent.                FINDINGS AND RECOMMENDATIONS
15   _____/

16        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Petitioner, convicted of second degree murder in 1985 and

18   sentenced to 16 years to life in state prison, challenges the 2010 decision by the California Board

19   of Parole Hearings (BPH) finding him unsuitable for parole.  Petition, pp. 1, 5.  Petitioner

20   contends that he is being denied his liberty interest in parole, having served his "minimum

21   maximum sentence without there being a preponderance of evidence to substantiate that

22   petitioner remains a current dangerous threat to society" in violation of his state and federal

23   constitutional right to due process and equal protection.[1]  See Petition, pp. 5, 12-27.

24   \\\\\

25   _____

26        [1] Petitioner does not appear to have framed an equal protection challenge/argument within
     the memorandum supporting the petition.

1          On January 24, 2011, the United States Supreme Court in a per curiam decision

2    found that the Ninth Circuit erred in commanding a federal review of the state's application of

3    state law in applying the "some evidence" standard in the parole eligibility habeas context.

4    Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011).  Quoting, inter alia, Estelle v.

5    McGuire, 502 U.S. 62, 67 (1991), the Supreme Court re-affirmed that "'federal habeas corpus

6    relief does not lie for errors of state law.'"  Id.   While the high court found that the Ninth

7    Circuit's holding that California law does create a liberty interest in parole was "a reasonable

8    application of our cases" (while explicitly not reviewing that holding),[2] the Supreme Court

9    stated:

10             When, however, a State creates a liberty interest, the Due Process
               Clause requires fair procedures for its vindication-and federal
11             courts will review the application of those constitutionally required
               procedures. In the context of parole, we have held that the
12             procedures required are minimal.

13   Swarthout v. Cooke, at 862.

14         Citing Greenholtz,[3] the Supreme Court noted it had found under another state's

15   similar parole statute that a prisoner had "received adequate process" when "allowed an

16   opportunity to be heard" and "provided a statement of the reasons why parole was denied."

17   Swarthout v. Cooke, at 862.   Noting their holding therein that "[t]he Constitution [] does not

18   require more," the justices in the instances before them, found the prisoners had "received at least

19

20      [2] While not specifically overruling Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en
     banc), the Supreme Court instead referenced Pearson v. Muntz, 606 F.3d 606 (9th Cir. 2010),
21   which further explained Hayward.  Thus, the Supreme Court's decision in Swarthout, essentially
     overruled the general premise of Hayward.  When circuit authority is overruled by the Supreme
22   Court, a district court is no longer bound by that authority, and need not wait until the authority is
     also expressly overruled.  See Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir. 2003) (en
23   banc).  Furthermore, "circuit precedent, authoritative at the time it was issued, can be effectively
     overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those
24   decisions do not expressly overrule the prior circuit precedent."  Miller, 335 F.3d at 899 (quoting
     Galbraith v. County of Santa Clara, 307 F.3d 1119, 1123 (9th Cir. 2002)).  Therefore, this court
25   is not bound by Hayward.

26      [3] Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

1   this amount of process: They were allowed to speak at their parole hearings and to contest the

2   evidence against them, were afforded access to their records in advance, and were notified as to

3   the reasons why parole was denied." Id.   This court's review of the parole hearing transcript

4   provided by petitioner indicates that he had an ample opportunity to be heard and was provided a

5   statement of reasons for the decision denying parole.  Petition, BPH hearing transcript, pp. 40-

6   123.[4]

7          The Supreme Court was emphatic in asserting "[t]hat should have been the

8   beginning and the end of the federal habeas courts' inquiry...." Swarthout v. Cooke, at 862.  "It

9   will not do to pronounce California's 'some evidence' rule to be 'a component' of the liberty

10  interest...." Id., at 863.  "No opinion of ours supports converting California's "some evidence"

11  rule into a substantive federal requirement." Id., at 862.  Thus, it appears there is no federal due

12  process requirement for a "some evidence" review and it also appears that federal courts are

13  precluded from review of the state court's application of its "some evidence" standard.

14  Therefore, this case should be dismissed.

15          Accordingly, IT IS HEREBY ORDERED that a district judge be assigned to this

16  case.

17          IT IS HEREBY RECOMMENDED that this petition be dismissed.

18          If petitioner files objections, he shall also address if a certificate of appealability

19  should issue and, if so, as to which issues.  A certificate of appealability may issue under 28

20  U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a

21  constitutional right." 28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate

22  which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

23          These findings and recommendations are submitted to the United States District

24  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

25

26          [4]  Referencing court's electronic pagination.

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 3, 2012

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE

GGH:009
saga1572.scr